Our next case today is 12-1408 SOURCE VAGABOND v. HYDRAPAK, INC. Mr. Yonai, am I saying your name right? Yonai, it rhymes with Guy. Yonai. Please proceed. May it please the Court, Guy Yonai for SOURCE VAGABOND, the appellant. This case is about whether a single word or a single phrase in a claim can be construed, should be construed, divorced from the surrounding environment of the claim, the specification, the embodiment, and the prosecution history. And because we will be talking at length about that claim, I'd like to start out by reading it. I really don't have to waste your time reading the claim. Not the whole claim, I apologize, just that element in the claim, I misspoke. It is at column 10, line 36-42, wherein the sealer, the claim has three elements, the container, the rod, and the sealer. I know the Court is familiar with this. Wherein the sealer is provided with an opening on at least one of the opposite sides, with a broadening for inserting an end of the rod into the cavity when the portion of the container is folded over the rod into the hollow passage, the slot being narrower than the diameter of the rod, so that the sealer is only to be slidingly mounted sideways over the rod. See, I understand your argument that if you look at the whole thing in practice, that you're talking about circumstances in which there's the foldover and there's the material. But then the rest of the claim could have recited a differential between the rod and the overlay from the slot. Instead, it only recited the differential between the rod and the slot. Yes, I understand your point that that's how it's used, but that's not the way then the claim goes on to read. If the question is whether the claim could have been drafted better to give effect to that intent, the answer is probably yes. But I think in many claims that's the case. But if we look at how the inventor used the terminology of mounting the sealer over the rod, consistently it is said that the sealer is mounted over the rod when that means after the container is folded over it. And there are instances, for example, at column 9, lines 9 to 12, where it says after the extension is folded over the rod, etc., the elongated member is slid onto rod. Obviously that means after the container is folded over. Again, at line 18, sealer is fully sliding onto rod. Nobody seems to dispute that the sealer has to slide onto the rod. The question is whether it's the diameter that takes it into account. And throughout this patent, the plain language of the claim is quite plain. It talks about the diameter of the rod. And then at column 7, lines 33 to 37, it says slot 54 is narrower than the diameter of rod 60. Well, if you look at the picture, rod 60 does not include the overlay. Rod 60 is pointing at the rod. If you look at column 8, lines 44 to 46, the rod's diameter is too large. It has to be pulled out through the slot along the internal cavity. It just seems like the whole specification when it says diameter of rod means diameter of rod, not diameter of rod plus overlay. What do we do with that? Okay, what we're construing here is not what is a rod. It is what is meant when we say the slot is narrower than the rod. When is that measured? How is that measured? It is focusing on the term narrower than the rod. And every time that is used, that comparison is after the container is folded over. That may be, but when you say the object of the exercise here is not to look at the meaning of the term rod, it seems to me that has to be wrong. Your argument can't be that the word rod is irrelevant here. What we're really looking at is how it functions, and therefore we don't have to consider the meaning of the term slot is not narrower than the diameter of the rod. In other words, we all can agree that the rod means just the rod, not the rod plus the folded material, correct? You have an uphill battle if you're saying that rod, notwithstanding the fact that as Judge Moore pointed out, the rod is identified in the picture as the rod and not the enhanced thick combination of rod plus plastic. So you've got language that seems to me, you may have an equivalence argument, but awfully hard to get around for purposes of literal infringement. For literal infringement, I'm thinking of the Textron case, which also talked about whether an element needs to be a unitary structure. Does the rod need to be only that element, or can it include portions of the container? I think the Textron case says that unless there's something specific in the specification, or the file history that says it must be a unitary structure, it can include portions of other elements as well. That's true, and I'm familiar with Textron, but it's certainly the case that if you have a word which isn't defined with specificity, pointing to it in a diagram and so forth, you could say, well, this Newton structure here really refers to the entire folded combination of rod plus plastic. But it seems to me the problem with trying to apply a case like Textron is that you have a rod and you have plastic separately identified throughout the specification, and now your argument is when we get to the claim that rod really means rod plus plastic. I don't think we're saying rod is rod plus plastic. We're saying the comparison between the slot and the rod needs to be after the container is folded over the rod. I think that's just another way of verbalizing rod equals rod plus plastic. In other words, if you say the slot has to be narrower than the diameter of the rod, what you're really saying is the slot has to be narrower than the diameter of the rod plus plastic, right? And I recognize that this is the problem that the district is working on. And therefore, rod equals rod plus plastic in your submission. In the context of comparing the slot to the rod for purposes of the claim, yes, that is the comparison we're looking at. And you realize that in all the other places, I mean, in that same element that you read to us, just two lines above it or so it says, inserting the end of a rod into a cavity when the portion of the container is folded over the rod. So how can the rod be something that doesn't include the folded over portion in that instance and then a line later in the same claim element be the rod plus the stuff folded over? When the container is folded over the rod, it cannot be pulled out because that combination, the slot is narrower than that combination of the rod after the container is folded over. The claim doesn't say that combination. The claim says the rod. Again, my answer to Judge O'Malley was, could this claim have been drafted better to give intent to the inventor's purpose? The answer is probably, and that's why I did it. Maybe you should move on to your DOE argument. No, I was just going to say, it's not our job to fit for a claim draft. I recognize that the case that I would refer to is the Ecolab case, which was expressly distinguished from Chef America, which said when the claim has some ambiguity in it, we do look to the specification. That's the problem. There's no ambiguity here. You said diameter of the rod. Right. Dead in the water. Okay. No pun intended, I guess. Go ahead. I won't beat this horse, but the one final point I wanted to mention about the specification is that the only embodiment in which numbers were given was the optimized parameters in which the slot and the rod had exactly the same dimension. And so interpreting it this way effectively eliminates the optimized embodiment that the inventor obviously intended to cover. So I will move on to the doctrine of equivalence. There was ample evidence below, and clearly I have the samples here. I don't need to get into it too much, but there was ample factual evidence, declaration evidence, that the function way result test of equivalence is satisfied. It works in exactly the same way. The sealer is only sliding the mounted over the rod in order to seal the back. The district court refused to look at this based on prosecution history estoppel and claim vitiation. On prosecution history estoppel, I want to talk briefly about the prosecution history because I think the district court confused the two final amendments to the claim. The claim language we have in the issued claim is that we talked about the slot being narrower than the rod. That was introduced in the last amendment, which was in response to a section 112 rejection. I found your brief a little bit troubling. Are you suggesting that an amendment made to overcome 112 cannot create a festo? No, we are not saying that, and I believe festo itself was a section 112 rejection. What we are saying in this particular case, and I'll talk about the substance of the amendment, is that that last amendment was not a narrowing amendment. The scope of the claim remained exactly what it was before the amendment. How can you say that? You've now entered an exact ratio by which the slot and diameter need to relate. It seems awfully broad to claim that it's not a narrowing amendment. Certainly it narrowed the claim language. There's nothing else in the claim that already contains a diameter recognition. Let's look at that. That's appendix page A320. A320 is the second to last amendment, the penultimate amendment that was made to overcome Dyckman. That was obviously in response to the prior art, and it was a narrowing amendment. So at page 320, what was added to the claim language was wherein the sealer is provided with an opening in the form of substantially parallel lips on at least one of the opposite sides, the distance between the lips allowing the sealer to be mounted only slidingly sideways over the rod. That is a size limitation relating the slot to the rod because the distance between the lips, and that's what the examiner had a problem with. She didn't like the phrasing of the substantially parallel lips. She said, where is that in the specification? There was some ambiguity about what it means for the lips to be on one of the opposite sides. That was rephrased. The distance between the lips… That the slot has to be narrower than the diameter of the rod. Because the only way in which the distance between the lips allowed the sealer to be mounted only slidingly sideways over the rod is because that distance between the lips, in other words the slot, is narrower than the rod. That is the same scope of claim. Is it narrower than the rod or is it narrower than the rod plus the fold over? That's a good question. This is a separate question from the construction. If you construe this to be one way or the other, it's consistent throughout. In other words, that hasn't changed between the second to last and the last amendment. If you construe rod to mean rod plus plastic? Either way. If you construe the rod to be rod plus plastic, then there is no change. Right. If you construe rod to mean just rod, then there is a change, it seems to me. I still don't think so. And looking at the claim language, it says the distance between the lips. Because it still says over the rod. It still talks about allowing the sealer to be mounted only slidingly sideways over the rod. So if you're talking about the rod only, it still says that the distance between the lips, in other words the slot, can only be mounted slidingly sideways. Yes, over the rod, but you're mounting it over the rod plus the plastic, aren't you? The problem I have is this claim that you're pointing us to doesn't say anything about the dimension of the slot. You're telling us it inherently tells you something about the dimension of the slot because you know when you are putting that slideable thing on, you know it has to slide on. And so it won't slide on if the dimensions of the slot are wrong, right? That's right. But it will slide on if the dimensions are anything narrower than the rod plus the plastic, which is a bigger and different dimension than just the rod. But the way I see it, that issue is exactly the same in the second to last and in the last claim. I'd like to try to address that. I'm not sure I fully did. Because it talks about the distance between the lips, which is the slot. Undoubtedly, the distance between the lips is the slot. And the distance between the lips allows the sealer to be mounted only slidingly sideways over the rod. So if that means the rod only, then that says the slot is narrower than the rod. That is why it can be mounted only slidingly sideways. If we're talking about the rod in the container, the reason it can be mounted only slidingly sideways is because it is narrower than the rod plus the container. The issue is the same between the second to last and the last amendments. I don't think that issue has changed, whichever way you look at it. So is it your position that all you needed to do was to put in language or to make language changes to address this slidingly sideways requirement and that this extra point where you made the change about the diameter of the rod, that was just a throw in? To overcome Dyckman? Yes. To overcome Dyckman? Yes, that's correct. Thank you. All that is necessary was the only slidingly mounted sideways. This is very clear throughout and it's very consistent. For example, the inventor, we're fortunate in this case to have an inventor declaration. And there was ample argument and discussion of the Dyckman reference. The inventor declaration is at appendix page 229. And it talks at length about the reason Dyckman is insufficient. It's because when you snap the sealer over the rod, it gets deformed and eventually loses the sealing capability. And in fact, in Dyckman, and I'll talk about this if we need to, but the rod is larger than the sealer. And so that was not a basis for the distinction to size. It was the only sliding sideways. So this would help me perhaps. The distinction that you seem to be drawing between 320 and 340, the penultimate and ultimate claim language, is that as it operates, the penultimate claim language would read on something which had a thin rod that by itself could slip through the slot, but when you add on the plastic, it won't. And it's therefore only slidingly adaptable, correct? That seems to be the gist of what you're saying. I don't think I agree with that. I think what you're asking me is whether a small rod and a thick container… And a thick plastic. You put them together and they won't slide through the slot when you put them together. They won't slide at all through the slot. I'm sorry, they will slide, but they won't come down through the slot. They're too thick to go out the bottom of the slot. That would be within the scope of the claim language on 320. Your Honor, I don't think so. I think the distance between the lips, in the case that you mentioned, if we're saying the rod means only the rod, if that's what we're saying, the rod is only the rod, that's why I'm saying we need to be consistent between the two. If we're saying the rod is only the rod, then in your hypothetical, with the rod being small, the distance between the lips would not have allowed only sliding sideways. Why? If you had thick plastic and you put the plastic around the rod, the combination of the plastic and the rod would not… that would compel that it be put on sliding. But the claim language, Your Honor, talks about the rod, and so if what you're, in your hypothetical, if you're saying the rod means the rod plus the container, which, as I'm being told by… No, no, I'm saying the opposite. Okay, so I'm just… What I'm trying to get at, and I may be making this more complicated than it is, it seems to me that what you do when you go from A320 to A340 is just taking the plain language and assuming that it's correct, that rod just means rod. But what you're doing is you're going from a functional description of the incapacity, the prohibition, of allowing the rod plus plastic to come snapping out, versus in A340, a situation where you've got the rod is actually physically bigger than the slot, and therefore it's the size of the rod, along with the plastic, but principally the size of the rod that keeps it from sliding out of the slot. I think it's the same… Is that an unfair characterization of the difference between the two? I think it is unfair. I think the word Judge Moore used was correct. It's inherent in this claim phrasing. The ultimate phrasing of the slot narrower than the rod is inherent in the penultimate claim language, the distance between lips allowing only sliding sideways. In that respect, I realize I'm well into my time. We'll restore our two minutes of rebuttal time, but we should hear from Mr. Walters. If you need to go over Mr. Walters, don't worry, we'll give you a little extra time. My name is Lisa Court. I'd like to briefly address the claim construction issues. I don't plan to spend a lot of time talking about claim construction unless there are questions. What I want to say about claim construction in this case is, and I hesitate to choose the word, but I'm stunned by this claim construction that's presented by source. It violates not only every precedent of this court, but I think the precedents of the Supreme Court. Every precedent? That's a full broad statement. Rhetoric has its place, but why don't we talk about the particular language of this claim? I'll focus on the language of the claim. The claim was simply redrafted. The words in the claim are not disputed. They're very simple words, rod, narrower diameter, slot. Those words are not in dispute. Source doesn't argue that they're in dispute. There's no dispute about what the meaning of those words are when they're put in relation to each other. It just couldn't be a simpler claim. Maybe there's a simpler claim out there, Connor, but it's a very, very simple claim. This isn't really just a situation in which they're trying to dig something out of the back and put it into the claim. They're actually looking for the antecedent language in the claim itself, and there is antecedent language in the claim itself that would seem to imply that what they're talking about is exactly what they're claiming. There's certainly antecedent language in the claim that suggests that as the sealer is put onto the container  but the claim language clearly delineates between container and rod. Those terms are used multiple times in the claim. They're clearly separate terms. They're throughout the specification. They mean something different. When the claim reads slot narrower than the diameter of the rod, could they have drafted the claim differently to say slot narrower than the diameter of the rod with the container wrapped around it? They could have claimed that and presented it to the examiner, but they did not. What do you say about the optimal structure referred to at the bottom of column 7 and the top of column 8 consisting of the sealer having a slot of 3 millimeters and a rod of 3 millimeters in diameter? That seems inconsistent with the most natural reading of the claim language as we've been discussing it, of the rod being bigger than the slot. I think that's right, Your Honor. There are more than 30 preferred embodiments, more than 30 embodiments in the claim. There are some embodiments that refer to the width of the slot just as slightly wider than the thickness of the container. That's one set of claims. There's the other disclosure that we pointed to in the brief and was mentioned earlier in the argument that refers specifically to the slot being narrower than the diameter of the rod. Are you saying this is an unclaimed embodiment? This is an unclaimed embodiment that's been dedicated to the public. I think that's clearly our position. That's clearly, in my view, what happened here. I mean, it's an odd way to state an unclaimed embodiment and to call it the optimized size of the container and the sealer. Well, in the specification, that's how it was described, but the claim that's drafted doesn't cover that, doesn't specify these. There's some loose language in that example about approximations, but the claim itself is very specific. They chose not to claim that particular embodiment, and I believe that's clear from the language of the claim, also from the file history, and I do want to talk a little bit about the file history  I listened very carefully to try to understand what SORCE's position is about whether the claim has been narrowed from the penultimate to the final claim language, and it's very difficult to understand their position. They did not, just to back up, unless there's more questions about claim construction, I'd like to move on to doctrine of equivalence, but the first issue on doctrine of equivalence for prosecution history estoppel is whether the claim language has been narrowed. This was not raised in the district court. It's a ground that SORCE is asking for reversal on. It clearly wasn't raised. There's a comment about, in the middle of another argument, about no clear intent to narrow, but the intent is not a reference to one sentence, one clause, to no clear intent to narrow is not raising the issue in the district court. Judge McMahon... I'm having a hard time understanding. The district court twice said there was a clear disavowal, and you're saying that they never disputed that? They never disputed that the claim was narrowed in the last amendment from substantially narrow lips, the distance between the lips allowing to the disputed slot narrower than the diameter of the rod. They weren't making the argument they're making today that looking on page A320 versus A340, this one has the same scope as this one. Just to back up, in the court below, they made two arguments on prosecution history estoppel. One was that the claim amendments were not for reasons of patentability. They're making that argument in this court. Another argument was a legally incorrect argument that prosecution history estoppel is limited to recapture of the prior part, which is wrong as a matter of law. Judge McMahon so found they're not repeating that here. Instead, they're making two entirely new arguments that were not made below. One is that the claim amendment was not narrowing, and the second is that the reason for the amendment is not related. Excuse me, it's only tangentially related to the alleged equivalent. Just to circle back to the not narrowing argument, the claim limitation, as was discussed earlier, is slot narrower than the diameter of the rod. The rod's not mentioned in the prior, in the penultimate version of the claim. It's simply not present. They argued, I think for the first time I heard them argue that it's inherently there, but at the same time they're arguing in their claim construction before this court that even when slot, even when the claim specifically says slot is narrower than the diameter of the rod than the container, the width of the container should still be counted. I think it's very clear with the earlier language that the substantially parallel lift, if the container's wrapped around the rod, if it's a narrow rod, as Your Honor was asking questions about earlier, if it's a narrow rod with a thick container and the thickness of the container together with the rod would only allow it to be slidingly mounted over the slot, excuse me, slidingly mounted over the rod, then in the prior version of the claim that would have been encompassed. They clearly narrowed that claim in the final step. So the second issue in prosecution history estoppel is whether the amendment is related to patentability. We've said a lot about that in the briefs. I'm not going to repeat that. I just want to point out that the argument that, I think it's just clear as a bell that this amendment was related to responding to the 112 projections. They say that in the response. It couldn't be clearer. I think it's not necessary to show it. I think it's also very clear that it was made to avoid Dyckman. And it might be worth just a quick discussion of that. In the penultimate amendment, this is at A327, there's initially a reference to the fact that, to distinguish Dyckman, the applicant says, the sealer is provided with an opening in the form of substantially parallel lips on at least one of the opposite sides. This structure is neither obvious nor disclosed. So that's one ground. The second ground is it says, next claim 13 recites the distance between the lips allowing the sealer to be mounted only slidingly sideways over the rod. And it goes on to emphasize that even if the structure disclosed in the Dyckman reference permitted the rod to be slidingly mounted into the channel and the applicant believes it did not, there's certainly no disclosure that the distance between the lips allow the sealer to be mounted only slidingly sideways over the rod. So in this amendment, what they're saying is we have this new structure, which is the distance between the lips only allow it to be slidingly mounted sideways over the rod. That claim language is amended in the final amendment to narrow it, to slot narrower than the diameter of the rod. But clearly what is being done is, in addition to responding to the 112 amendments, the applicant is trying to avoid broadening the claim, eliminating this only structural limitation and this feature of the patent and inviting more rejections under Dyckman. Tangentially related, again, this was not an issue that was raised below. The words tangential, tangentially related appear nowhere in the briefs. The main cases that Source relies on for this argument aren't cited in the brief and that's because they just don't make the argument in the court below. And there's no question, what happened with this amendment is Source chose a narrow embodiment. There's a specific disclosure in the patent where they disclose an embodiment where the slot is narrower than the diameter of the rod. They chose to claim that embodiment to get the patent issued. And now they want to go and claim that that structure that they put into the claim to address the 112 arguments, to address the prior art, is only tangentially related to this completely different structure that they now claim, complicated structure that they now claim is an equivalent. So let me turn briefly to vitiations. Warner-Jenkinson, and it's just everyone in the court is aware, doctrine of equivalence is limitation by limitation. We cited, and the district court cited a series of cases saying that slot wider than the diameter of a rod is the polar opposite of slot narrower than the diameter of the rod and therefore vitiates that claim limitation. Source has three responses to that. The first one is to say that U.S. Phillips distinguished some of those cases. Well, U.S. Phillips, as we point out in the brief, distinguished... Well, apart from their responses, of course, our court came out with a new case right on the vitiation point, Deere versus... Sure. ...Bushhall. Yes. And I think it explains for some of the problems that this notion of vitiation causes us to confront. It's a very, to be honest, very difficult doctrine for me to wrap my hands around. I don't even quite frankly know why it's a doctrine. I feel like if something is vitiated, you could probably ferret that out and say it's not an equivalent, and there probably is no need for a separate doctrine along those lines. But nonetheless, we have it, so I'm stuck with it. But I don't necessarily know how to apply it always. So why here? Why shouldn't they get an equivalent if the rod and the diameter of the rod and the slot are equal, for example? Not narrower, but equal. Why not? That would be a different case, Your Honor. I know, but that's what I'm trying to... I'm not saying that it wouldn't be vitiated. I just haven't thought through that one. It doesn't seem to me that this is a binary decision in the way that I think you try to lay it out, right? It's not bigger than or less than. It could also be equal. And they actually have an embodiment disclosed in the spec of equality. Boy, that would seem to suggest maybe some equivalence. I don't know. The question in this case is can they claim that something wider than is the equivalent of something narrower than. In this case, the slot narrower than the diameter of the rod or the slot wider than the diameter of the rod. And there may be difficult cases for applying the vitiation doctrine, but there's a series of four cases that we've cited where one area that this court has clearly delineated that falls within vitiation is when you're trying to say that the opposite is the equivalent of something that's claimed. In the example where it's equal, is equal the opposite of narrow? Circle the opposite of a square? I'm just curious. I don't know the answer to that. Me either, but that's why I'm struggling because I don't know how to apply the vitiation concept in general. Our position is based on the cases that we've cited that narrower is clearly the opposite of wider under the existing court's case law. I think another way to look at this is source says, well, we've got it all wrong. You shouldn't be just looking at the rod. You should look at the rod combined with the container, combined with the catches, and all those three things together, while those are that the slot is narrower than all three of those. And this is another way to look at the vitiation doctrine, because in that case, when you look at it, really you can forget about the word vitiation and go back to just the limitation by limitation analysis. When you treat the rod and the container and these additional elements called the catches as one and the same element, it really completely eviscerates the claim. We have, for example, container folded over the rod. We've talked about that many, many times. It's just a fundamental limitation of the claim. It's just gibberish when you treat the container and the rod as the same thing. So I want to just talk briefly, I think, along the way I've really talked about the motion for sanctions, because I think the claim construction here is frivolous. They don't interpret the language of the claims. That is the most fundamental precept of this Court's claim construction law. They don't even pretend to interpret that language. They just bring in limitations from the claim and rewrite the claim. Excuse me, bring in limitations from the specification and attempt to rewrite the claim. We believe that both under Federal Rule of Appellate Procedure 38, as well as Section 285, the doctrine of equivalence argument is also frivolous, both as argued and inherently frivolous. They've brought two new doctrine of equivalence arguments that were not raised below. The arguments that I've heard today on not narrowing are just clearly wrong, and they're clearly inconsistent with Swartz's own positions. I mean, they pointed to this particular embodiment that they say that has the container, requires the container wrapped around the rod, that those together will allow the sealer to be mounted only slidingly sideways over the rod. At the same time, somehow they argue that the prior claim limitation, the penultimate claim limitation, was that the penultimate claim limitation covered that. It's completely frivolous, and I haven't heard a single argument that makes it anything other than that. I can go on and on, but I'm already beyond my time. Well, we said we'd give you extra time, so if you have a closing thought, go ahead. I do have a closing thought, which is my client is a very, very small company, nine employees. It was dragged into patent infringement litigation. It never should have been brought. It certainly should not have been appealed, and it certainly should be. The issues that are before the court today that are being argued have absolutely no merit. We've also referenced some other conduct that we believe was completely inappropriate, refusing to withdraw a motion that was based on law that had been overturned, didn't cite federal circuit law on point, and it's not an appropriate use of this court's time. It's not appropriate use of the judicial system. Thank you, Mr. Walters. Just a very few points. Can you first respond to the argument that these DOE arguments or the arguments relating to prosecution history weren't actually presented below? They were presented. Firstly, the difficulty with the arguments below was that HydroPAC, in its motion for summary judgment, never identified which amendment created the estoppel. So it was difficult to begin with to respond about whether there was narrowing, whether it was for the purpose of patentability, when there was no specific identification of which amendment. Secondly, it was addressed at appendix pages 147 to 149, in which we say that there was exactly the same... This is in the context of the prosecution history estoppel arguments, and we argue that the prior art already disclosed a slot that was narrower, so there was no... So the reason behind that amendment had nothing to do with the size of those. We talk about... Hold on one second. I'm a little confused on where you are. I'm on page 147. Yes. Where are you? Is that page 27 of the brief? 22. So it must be a few pages down. I may have the wrong... This document doesn't go to page 27. It only goes to page 25. That's where the conclusion exists. Okay, yes. Sorry, page 22. I was looking at the ECF numbering. Yes, this is page 22. The paragraph, third line, begins the doctrine of equivalence? Yes. Okay, so we talk at the bottom of that paragraph, the prior art already disclosed a slot that was narrower than the diameter of the rod. Applicants did not argue that the claim to be patentable for the reason that the claim slot was narrower than the rod. The next page at 148, appendix 148, towards the bottom, after the block quote, there was no clear intent to change the scope of this claim, nor was there any reason to do so. At the very bottom of the page, the relationship among the rod, container, and the sealer remained unchanged. We did argue... I mean, if you did change the scope of the claim, aren't you... I think those would be... Whether you wanted to or not, if you did. I mean, look, during prosecution, nobody wants to narrow their claims. Right. The examiner makes you. Right. Well, we argued here that there was no change of claim scope. Right. The relationship among the three remained unchanged. And your point here was that you didn't weigh, that you did argue. Absolutely, absolutely. So there was no waiver of that point. There is also some case law we cited, lava trading, I believe. Also, my colleague mentioned the rod is not mentioned in the penultimate claim. It certainly is mentioned and is mentioned in the context, same one that is at the end. And I will just close with a comment on claim vitiation. Your case, I think, is very relevant. The court talked about the common misperception that every claim is by nature binary. And I don't think there should be a rule that says if you have a quantitative claim element, it is suddenly binary. The case law, the Supreme Court has rejected that approach. This court has rejected that approach. And I think the case law is moving... Well, but this isn't quantitative. You don't, well, in terms of numerical, you don't think three. Wider than, in the sense that wider than is A compared to B. In that sense of A, A. Well, wider and narrower seem to be quite binary. And maybe I'm wrong. I don't think there should be a rule for whether a claim is binary or not. But it should be on the merits of the equivalence, which we showed there was. And secondly, the question here is what is... Well, then when do you think vitiation should apply? I mean, I'm struggling with it. Look, I don't like the doctrine. I'd be happy to scratch it out of existence. We can. But we don't get to do that. I'm stuck with it. So when does it apply? I think the answer is when there is nothing that satisfies that claim limitation. And here, there is something. For example... I'm just not... Okay. Let me... The case that I'm thinking of is the one where there is unmounted cannot be the same as mounted. Right? And I apologize. I forget which one this is. Where an element was claimed to be mounted to another element. And in the equivalent, it was simply unmounted. We don't have that here. We have a slot being narrower than the rod. And the question is what is narrower? The slot is narrower than what? And the equivalent is the rod and the container folded over it. The purpose of this is specifically set in the claim so that the sealer can only be slightly mounted over the rod. But if the only way the slot is, quote, narrower requires the wrapping over the rod, then it means that by definition... That goes to literal infringement. Right? That goes to literal. If we're talking about equivalence, we're saying, look, the rod is only the rod, but it is equivalent to take the thickness from the rod and just pad the outside of the container with it. You've done exactly the same thing. You've performed exactly the same sealing function. You still cannot snap the sealer over the rod or over the container because that was the invention here. If you look at the inventor declaration, that is exactly the point of the invention. So you have not vitiated the claim element. It is still satisfied with the container, and it still performs the essence of the invention. Mr. Unai, I think we have your argument. I thank the court for its time. We thank both counsel. The case is submitted.